UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMMEL L. SUTTON,                                :

        Plaintiff,                                      :   REPORT AND
                                                            RECOMMENDATION
  -v.-                                             :
                                                            13 Civ. 801 (GBD) (GWG)
CITY OF YONKERS, et al.,                         :

        Defendants.                                     :

------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Sammel Sutton, currently an inmate in the Westchester County Jail, brought a pro se complaint against the City of Yonkers, the Yonkers Police Department, the County of Westchester, and Police Officers Santobello and Daugherty in their official and individual capacities, alleging violations of his constitutional rights. The County of Westchester (the "County") has moved for summary judgment. For the following reasons, the County's motion for summary judgment should be granted.

I.    BACKGROUND

    A.    The Complaint

      Sutton filed the complaint in this action on February 4, 2013. See Complaint, filed Feb. 4, 2013 (Docket # 2) ("Compl."). The complaint alleges that Sutton was "wrongfully abused, assaulted, battered, harassed, false [sic] arrested and subjected to excessive force by employees of the City of Yonkers Police Department; who were acting under the color of law and within the scope of their employment with the City of Yonkers." Id. at 3. The complaint also alleges that

1

the City of Yonkers was "negligent in training[,] disciplining[,] and supervising of its officers." Id.

In a document attached to his complaint ("Att."), Sutton provides additional factual details. He states that he was approached by Police Officers Santobello and Daugherty in the City of Yonkers and that they "conduct[ed] an illegal search and seizure without probable cause and unlawful[ly] arrested [Sutton] and charged him with Criminal Possession of a Weapon in the[ ]Third degree," because they alleged he was "in possession of a gravity knife." Att. ¶ 6. Sutton was taken into custody by Officers Santobello and Daugherty and brought to the "strip frisk area" at the Alexander Street Police Precinct. Id. ¶¶ 7-8. There he was "force[d] against his will to be unlawfully strip frisked without probable cause." Id. ¶ 8. Sutton alleges that Officer Santobello "sadistically and maliciously forced [Sutton] to repeatedly show him his rectum under the guise that [he] had contraband [hidden] in his rectum or under his scrotum." Id. ¶ 9. Sutton alleges that he "was then forcefully taken to St. Joseph's hospital in the City of Yonkers to be X-ray[ed] without his consent and forced to submit to a urine drug detect [sic] test." Id. ¶ 10. According to Sutton, he was "subject to th[ese] procedure[s] with no drugs or contraband found." Id. ¶ 11. Sutton was eventually "cleared and exo[ne]rated of all criminal charge[s] in a Yonkers City Court and the charge[s] [were] dismiss[ed] with the record being sealed." Id. ¶ 12.

Sutton asserts claims under 42 U.S.C. § 1983, see id. ¶ 1, alleging that Officers Santobello and Daugherty "illegally searched and seized" him in violation of his Fourth Amendment rights, id. ¶ 13; that the City of Yonkers, the Yonkers Police Department, and the County inadequately trained, supervised, and disciplined law enforcement personnel resulting in injury to him, id. ¶ 14; and that Officer Santobello conducted a strip search with excessive force

2

in violation of his Eighth Amendment rights, id. ¶ 15. Sutton also brings a "pendent" claim against the City of Yonkers, the Yonkers Police Department, and the County for negligent supervision, training, and discipline. See id. ¶ 16.

### B. Procedural History

Sutton's claims against defendant Yonkers Police Department were dismissed on February 14, 2013, because the "Yonkers Police Department is an administrative arm of the municipality and cannot be sued." Order, dated Feb. 14, 2013 (Docket # 9). On May 30, 2014, the County filed the instant motion for summary judgment.[1] Included with the motion papers was the notice required by Local Civil Rule 56.2 warning Sutton of the consequences of a failure to respond. See Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment, filed June 2, 2014 (Docket # 31). The notice reminded Sutton that any failure to submit opposition papers would mean that the facts stated in the County's statement pursuant to Local Civil Rule 56.1 would be accepted as true. See id. at 2. On June 18, 2014, Sutton wrote a letter to the Court in which he indicated that he had received the motion papers and requested appointment of counsel. See Endorsed Letter from Sammel L. Sutton, filed June 24, 2014 (Docket # 33). The Court denied the request on June 23, 2014. See id. In denying the application, the Court reminded Sutton that he "should respond to the summary judgment motion as best as he can by July 14, 2014." Id.

To date, Sutton has filed no papers in opposition to the County's motion.

---

[1] See Motion for Summary Judgment, filed May 30, 2014 (Docket # 27); Memorandum of Law in Support of Westchester County Defendant's Motion for Summary Judgment, filed May 30, 2014 (Docket # 28) ("Def. Mem."); Declaration of Fay Angela Jones, Esq., filed May 30, 2014 (Docket # 29); Rule 56.1 Statement of Material Facts, filed May 30, 2014 (Docket # 30) ("Def. Statement").

  C. <u>The Evidence Submitted on the Summary Judgment Motion</u>

  The following facts are taken from the County's Statement Pursuant to Local Civil Rule 56.1, each paragraph of which contains citations to evidence in the record, including a crime investigation report and Sutton's deposition. <u>See</u> Def. Statement. As Sutton has filed no opposition papers, none of these facts has been disputed. We therefore deem these facts to be admitted. <u>See</u> Local Civil Rule 56.1(c).

  On June 2, 2010, at approximately 10:40 p.m., Sutton was arrested by the Yonkers Police Department and charged with Criminal Possession of a Weapon in the Third Degree for having "an item described as a 'gravity knife.'" <u>Id.</u> ¶ 3. The arresting officers were Officers Santobello and Daugherty, who were employed by the City of Yonkers. <u>Id.</u> ¶ 4. Sutton was first taken to the Yonkers Police Precinct, where he was strip searched by Officers Santobello and Daugherty as well as other officers. <u>Id.</u> ¶ 5. He was then transported to St. Joseph's Hospital, where "certain tests were administered," and then transported back to the Yonkers Police Precinct. <u>Id.</u> ¶ 8. Sutton was thereafter incarcerated for seven days. <u>Id.</u> ¶ 9. The Criminal Possession of a Weapon charge against Sutton was later dismissed after he testified at a felony hearing. <u>Id.</u>

  The City of Yonkers is a distinct legal entity separate from the County of Westchester. <u>Id.</u> ¶ 7. No one employed by the County was present at or participated in the alleged arrest, strip search, or use of excessive force against Sutton. <u>Id.</u> ¶ 6. Sutton's claims against the County are based on its alleged failure to properly train Yonkers police officers to recognize and identify a "gravity knife." <u>Id.</u> ¶ 10.

II. <u>LAW GOVERNING SUMMARY JUDGMENT MOTIONS</u>

  Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed," and the court must draw "all justifiable inferences" in favor of the non-moving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and additional citation omitted) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex, 477 U.S. at 322). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

Because Sutton is proceeding pro se, we construe his papers "liberally and interpret them to raise the strongest arguments that they suggest." E.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted). Nonetheless, "our application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (citation and internal quotation marks omitted); accord Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010) ("Notwithstanding the deference to which a pro se litigant is entitled, as well as the deference accorded to a non-movant on a summary judgment motion, [the non-movant] must produce specific facts to rebut the movant's showing and to establish that there are material issues of fact requiring a trial.") (alteration, internal quotation marks, and citations omitted), aff'd, 441 F. App'x 816 (2d Cir. 2011).

III.   DISCUSSION

 The County's motion seeks summary judgment on a number of grounds. It is not necessary to reach all of them, however, as Sutton's claims against the County fail for the reasons stated below.

   A.   Sutton's 42 U.S.C. § 1983 Claims

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that there has been a denial of a right, privilege, or immunity secured by the Constitution or laws of the United States and that the deprivation of such right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not in and of itself create any substantive rights; rather, a plaintiff bringing a § 1983 claim must demonstrate a violation of an independent federal constitutional or statutory right. See Chapman v. Hous. Welfare Rights Org., 441 U.S. 600, 617-18 (1979).

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

> In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91). Thus, "[u]nder the standards of Monell, a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012) (internal citations omitted); accord Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 218 (S.D.N.Y. 2014) ("A municipality such as the County may be held liable under Section 1983 only when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.") (quoting Monell, 436 U.S. at 694) (alteration in original) (internal quotation marks omitted). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." Jones, 691 F.3d at 80 (citing Monell, 436 U.S. at 691). "The policy or custom need not be memorialized in a specific rule or regulation." Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996) (citing Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992)). However, "isolated acts" by non-policymaking municipal employees are "generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Jones, 691 F.3d at 81 (citations omitted).

The County asserts that there is no evidence that it committed a Monell violation. See Def. Mem. at 7-8. It points to an absence of any evidence in the record that might establish that the alleged constitutional injuries were the result of a policy or practice of the County, or that any individual's actions were carried out pursuant to such a policy or practice. See id. at 8. Where a nonmoving party bears the burden of proof on an issue, it is sufficient for the party moving for summary judgment to "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving party may use a memorandum or brief to "point to" the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim. E.g., Feurtado v. City of New York, 337 F. Supp. 2d 593, 598-600 (S.D.N.Y. 2004) (citations omitted). Because Sutton bears the burden of proving his Monell claim, see Miner v. City of Glens Falls, 999 F.2d 655, 660 (2d Cir. 1993), the County's assertion in its memorandum of law that there is no evidence of a Monell violation required Sutton to furnish admissible evidence in support of his claim, see, e.g., Celotex, 477 U.S. at 322.

A plaintiff's "[c]onclusory allegations of municipal liability will not defeat a motion for summary judgment on a Monell claim." Jouthe v. City of New York, 2009 WL 701110, at *8 (E.D.N.Y. Mar. 10, 2009) (alteration in original) (citations omitted). Moreover, "[t]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (citations omitted); accord Coleman v. City of Syracuse, 2011 WL 13808, at *8 (N.D.N.Y. Jan. 4, 2011); Rateau v. City of New York, 2009 WL 3148765, at *11 (E.D.N.Y. Sept. 29, 2009). Here, the complaint does not contain any allegations regarding municipal policy, practice, or custom — even conclusory ones — and

Sutton has submitted no evidence whatsoever in opposition to the County's motion for summary judgment. Even assuming arguendo that Sutton's constitutional rights were violated, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985); see Ricciutti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.") (citations omitted), cited in Miller v. City of New York, 2010 WL 99380, at *2 (S.D.N.Y. Jan. 5, 2010).

Thus, even if the Court were to assume that Sutton's constitutional rights were violated, his claim under § 1983 nonetheless fails because he has not provided any evidence that any municipal employee's actions were undertaken in accordance with or pursuant to a policy or custom of the County. This result is in accord with many § 1983 cases that have granted summary judgment in favor of a defendant municipality where a plaintiff failed to provide evidence that satisfied Monell. See, e.g., Guentangue v. City of New York, 2011 WL 3586121, at *4 (S.D.N.Y. Aug. 10, 2011); Jouthe, 2009 WL 701110, at *8; Feurtado v. City of New York, 337 F. Supp. 2d at 600.

To the extent Sutton's complaint can be interpreted as alleging claims under § 1983 for false arrest, false imprisonment, and excessive force against the County separate and apart from his Monell claims, see Def. Mem. at 3-6, these claims must also fail. As discussed above, a municipality may only be sued under § 1983 for its customs or policies, not for the illegal acts of its employees. See Monell, 436 U.S. at 691; Roe, 542 F.3d at 36 ("The Supreme Court has made clear that a municipality cannot be made liable under § 1983 for acts of its employees by

9

application of the doctrine of respondeat superior.") (citations and internal quotation marks omitted).

Thus, the County is entitled to summary judgment on Sutton's § 1983 claim.

B.    Sutton's State Law Claims

The County asserts that it is entitled to summary judgment on Sutton's claims brought pursuant to New York state law.  See Def. Mem. at 10.  Sutton does not describe his state law claim except to say that it is for "negligent supervision[,] training[,] and discipl[ine]."  Att. ¶ 16. Indeed, Sutton, who bears the burden of proof, has not even identified in what way the County's training is insufficient, nor has he provided any evidence that tends to support his allegation. The record before the Court supplied by the County includes no evidence of the involvement of the County in Sutton's arrest or incarceration, let alone any responsibility or involvement in training the officers who had contact with him.  Thus, any state law claim against the County must also be dismissed.

IV.    CONCLUSION

For the foregoing reasons, the County's motion for summary judgment (Docket # 27) should be granted.  The case continues against the remaining defendants.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable George B. Daniels at 500 Pearl Street, New York, New

York 10007.  Any request for an extension of time to file objections must be directed to Judge Daniels.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 26, 2015
       New York, New York

                    GABRIEL W. GORENSTEIN
                    United States Magistrate Judge


Copy sent to:

Sammel L. Sutton
Inmate JID # 31424
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

Counsel by ECF