UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

SAMMEL L. SUTTON,

                              Plaintiff,

                -against-

CITY OF YONKERS, YONKERS POLICE
DEPARTMENT, COUNTY OF WESTCHESTER,
POLICE OFFICER SANTOBELLO, Officially,
POLICE OFFICER SANTOBELLO, Individually,
POLICE OFFICER DAUGHERTY, Officially,
POLICE OFFICER DAUGHERTY, Individually,

                             Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

13 Civ. 801 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Sammel L. Sutton brought this action for false arrest, false imprisonment, use of excessive force, and inadequate training against Defendants the City of Yonkers, the Yonkers Police Department,[1] the County of Westchester, and police officers Santobello and Daugherty in their official and individual capacities, seeking damages for alleged constitutional violations. (Compl., ECF No. 2.) Defendant County of Westchester ("Defendant" or "the County") moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Mot., ECF No. 27.) On January 26, 2015, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") in which he recommended that the Defendant's motion be granted. (Report at 10, ECF No. 34.) Magistrate Judge Gorenstein's Report is adopted in its entirety.

---

[1] On February 14, 2013, this Court dismissed the Yonkers Police Department from this action because the department "is an administrative arm of the municipality and cannot be sued." (Order, ECF No. 9.)

## FACTUAL BACKGROUND

On June 2, 2010, Plaintiff was arrested by the Yonkers Police Department and charged with Criminal Possession of a Weapon in the Third Degree. (Def.'s Rule 56.1 Statement of Material Facts ("DS") ¶ 3, ECF No. 30.)[2] The arresting officers strip searched Plaintiff and he was transferred to a hospital for the administration of certain tests. (*Id.* ¶¶ 5, 8.) No employee of the County, which is a legal entity distinct from the City of Yonkers, "participated in the alleged arrest, strip search and use of excessive force." (*Id.* ¶¶ 6-7.) Plaintiff was incarcerated for seven days, and the criminal charge was subsequently dismissed after he testified at a felony hearing. (*Id.* ¶ 9.)

Plaintiff alleges that his constitutional rights were violated when he was falsely arrested and subjected to the use of excessive force during searches of his person. (*See* Compl. at 9 ¶¶ 6-12.)[3] Plaintiff seeks to hold the County liable for "inadequate training, [s]upervision, [and] [d]iscipline of [l]aw enforcement personn[e]l," and for "deficient management of subordinates." (*Id.* at 10 ¶¶ 14, 16.)

On June 2, 2014, the County filed a notice in connection with its motion for summary judgment which informed Plaintiff that his claims could be dismissed if he did not respond to the motion. (Notice at 1, ECF No. 31.) This notice expressly warned Plaintiff that a failure to respond would enable "the court [to] accept defendant's factual assertions as true," and that

---

[2] Because Plaintiff has not submitted an opposition to the County's motion, this Court deems the facts contained in the Defendant's Rule 56.1 Statement to be admitted. *See* S.D.N.Y. Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.").

[3] This Court applies consecutive pagination to cite to the document appended to the Complaint, which contains additional factual allegations.

judgment could be entered in the County's favor without a trial. (*Id.* at 2.) By letter dated June 18, 2014, the Plaintiff indicated his receipt of this "'Summary Judgment' notice" and sought the appointment of counsel to assist him with an opposition. (*See* ECF No. 33.) Magistrate Judge Gorenstein denied this request on June 23, 2014 and directed the Plaintiff to respond to the County's motion by July 14, 2014. (*Id.*) Following this denial, the Plaintiff has made no further filings in this action.

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 10-11); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact, and it "may not rely on conclusory allegations or unsubstantiated speculation." *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 891 (2001). A grant of summary judgment is therefore warranted where the non-moving party has "failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the [non-moving party] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (internal quotation marks omitted).[4]

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Accordingly, the court's task is not to "weigh the evidence and determine the truth of

---

[4] As noted in the Report, the non-moving party's burden on summary judgment applies to *pro se* plaintiffs, notwithstanding the liberal construction of a *pro se* plaintiff's pleadings and the deference accorded to the non-moving party on summary judgment. (*See* Report at 6 (citing *Bennett v. James*, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x 816 (2d Cir. 2011)).)

the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

I.  SECTION 1983 CLAIM

Magistrate Judge Gorenstein correctly determined that the County is entitled to summary judgment on Plaintiff's claim under 42 U.S.C. § 1983[5] because there is no evidence that the alleged unconstitutional acts took place pursuant to the County's official municipal policy. (*See* Report at 8-9.) A municipality can be sued directly under § 1983 (1) "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or (2) "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). To prevail, a plaintiff must show both "the existence of a municipal policy or custom" and "a causal connection between that policy and the deprivation of [his] constitutional rights." *Bernshtein v. City of N.Y.*, 496 F. App'x 140, 144 (2d Cir. 2012) (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)); *see also Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) ("Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff.").

---

[5] Under this provision, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendant argues that summary judgment is appropriate on Plaintiff's *Monell* claim because "there is no evidence . . . that any County employee participated in Plaintiff's arrest and [Plaintiff] fails to establish that his alleged constitutional injuries were the result of a policy or practice of the County." (*See* Mem. in Support of MSJ at 7-8, ECF No. 28; *see also* DS ¶ 6.) The County has satisfied its initial burden of showing that there is no genuine dispute as to any material fact by pointing to the "absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). As a result, the burden has shifted to Plaintiff to show that a disputed issue of fact exists that requires moving forward with trial. *See Anderson*, 477 U.S. at 248. Here, Plaintiff has presented no evidence in opposition to the County's motion, let alone the necessary allegations to substantiate "the existence of a municipal policy or custom" that violated his constitutional rights. *See Bernshtein*, 496 F. App'x at 144. Magistrate Judge Gorenstein therefore properly concluded that summary judgment should be granted on Plaintiff's claim for policy or custom liability under § 1983.[6] (*See* Report at 10; Compl. at 10 ¶ 14); *see also Celotex*, 477 U.S. at 323 (explaining that, where "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," the moving party is entitled to summary judgment).

II. STATE LAW CLAIM

Magistrate Judge Gorenstein properly determined that Plaintiff's state law claim—brought under an unspecified statute, and for unidentified policies resulting in "deficient

---

[6] Insofar as Plaintiff's Complaint sets forth § 1983 claims against the County for false arrest, false imprisonment, and excessive force independent of his *Monell* claim (*see* Compl. at 8 ¶ 1; *id.* ¶¶ 13-16), the Report correctly recommended that this Court grant summary judgment on those claims. (*See* Report at 9-10). A municipality can only be held liable for its "*own* illegal acts"; the municipality is "not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (emphasis original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). In any event, summary judgment is appropriate because there is no evidence that County employees were involved in the alleged unconstitutional acts.

6

management of subordinates" (*see* Compl. at 10 ¶ 16)—should be dismissed. (*See* Report at 10.) As described in the Report, Plaintiff has not "identified in what way the County's training is insufficient," nor has he proffered "evidence of [the County's involvement] in [Plaintiff's] arrest or incarceration." (*Id.*) Because Plaintiff has not met his burden of proof to show a genuine dispute of material fact, summary judgment is warranted on his state law claim.[7]

## CONCLUSION

Magistrate Judge Gorenstein's January 26, 2015 Report and Recommendation is adopted in full. Defendant County of Westchester's motion for summary judgment is GRANTED, and the County is hereby DISMISSED from this action. The Clerk of the Court is directed to close the motion at ECF No. 27.

Dated: New York, New York
 March 2, 2015

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

---

[7] Although this Court is statutorily empowered to exercise supplemental jurisdiction over Plaintiff's state law claim, it is not obligated to do so, particularly where this Court has dismissed the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("[A] district court's exercise of pendent jurisdiction is purely discretionary . . . . [Plaintiffs] certainly have no right to insist that the District Court retain jurisdiction of pendent state law claims after federal claims have been dismissed.").