UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SAMMEL L. SUTTON,

                Plaintiff,

    -against-

CITY OF YONKERS; POLICE OFFICER
SANTOBELLO, *officially and individually*; and
POLICE OFFICER DAUGHERTY, *officially and individually*,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

13 Civ. 801 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Sammel L. Sutton brought this action under 42 U.S.C. § 1983 against Defendants the City of Yonkers, the Yonkers Police Department, the County of Westchester, and two arresting officers. (Compl., ECF No. 2.)[1] Plaintiff alleged that he was arrested without probable cause, improperly strip-searched, and subjected to excessive force. (*Id.* ¶¶ 6-9.) On June 9, 2016, at the conclusion of a three-day trial, the jury returned a verdict for Sutton on the false arrest claim only, awarding $7,000 in lost wages and $50,000 in pain and suffering. (ECF No. 78.)

    On July 1, 2016, Plaintiff's attorney, Darryl Austin, moved for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. (Pl.'s Mot. for Attorney Fees, ECF No. 79.) Austin sought an award of $154,193.75 in attorneys' fees and $1,987.81 in costs.[2] In opposition, Defendants argued that the Court should reduce Austin's hours by 50%, reduce his hourly rate, and apply other

---

[1] The Yonkers Police Department and the County of Westchester were later dismissed. (ECF Nos. 9, 35.)

[2] Although Austin initially sought a total of $148,575.31, (ECF No. 81), he submitted a revised request with his Reply memo that added 25.1 hours for time spent working on the fee application, but reduced his travel time by 50%. (Pl.'s Reply Mem., ECF No. 89, at 14.)

adjustments for a total fee award of approximately $60,000. (Defs.' Mem. L. in Opp'n to Mot. ("Opp'n"), (ECF No. 87), at 4.)

Before this Court is Magistrate Judge Gabriel Gorenstein's January 11, 2017 Report and Recommendation ("Report," ECF No. 99), recommending that Plaintiff be awarded $56,086.04 in attorneys' fees and $1,987.81 in costs, and that $14,250 of the $57,000 judgment be applied to satisfy the attorneys' fee award.[3] (*Id.* at 14, 21.) This Court adopts the Report's recommendation that Plaintiff's motion for attorneys' fees be granted, but modifies the calculation of the fee award for the reasons stated below.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 21-22.) Plaintiff's attorney, Austin, filed timely objections. (Pl.'s Objs. to the Report ("Pl.'s Objs."), (ECF No.

---

[3] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

102).)[4] In response to Plaintiff's objections, Defendants asked this Court to adopt the Report in its entirety. (Defs.' Mem. in Response to Pl.'s Objs., ECF No. 106, at 1.)

There is no clear error on the face of the record as to those portions of the Report to which no objections were made. This Court has considered the issues raised in Plaintiff's objections and reviews *de novo* the objected-to portions of the Report.

## II. ATTORNEYS' FEES AND COSTS

### a. 42 U.S.C. § 1988

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983). Under the traditional "lodestar" analysis, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. The reasonable hourly rate should conform to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). District courts should also take into account case-specific factors, and "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).[5]

---

[4] On January 17, 2017, this Court granted Plaintiff's request that the deadline for filing objections be extended to February 8, 2017. (ECF No. 101.)

[5] "In determining what a reasonable, paying client would be willing to pay, [the district court should] consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected

In determining the hours "reasonably expended," a district court should not award hours that are excessive or duplicative, or that reflect work on unrelated claims on which the party did not succeed. *See Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002). Thus, if the number of hours requested is greater than that which should have been required for the work produced, this Court has discretion to reduce the stated hours accordingly. *See Hensley*, 461 U.S. at 434.

### b. PLRA

Magistrate Judge Gorenstein determined that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, significantly limits the attorneys' fee award in this case. Under section 1997e(d)(3), an award covered by the PLRA may not be "based on an hourly rate greater than 150 percent of the hourly rate established" for court-appointed counsel. In addition, section 1997e(d)(2) limits the amount the defendant must pay in attorneys' fees to a maximum of 150% of the judgment. *See Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011). These PLRA requirements apply to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988." 42 U.S.C. §§ 1997e(d)(1)-(3).

In the Report, Magistrate Judge Gorenstein conducted a detailed textual analysis of the PLRA, concluding that the hourly rate limitation applies to *any* action filed by a prisoner while incarcerated (including claims that arose before the prisoner was incarcerated). (Report at 6-10.)[6]

---

low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Arbor Hill*, 522 F.3d at 184.

[6] Although the parties' initial submissions did not address the application of section 1997e(d) to this case, Magistrate Judge Gorenstein ordered additional briefing on this question prior to issuing the Report. (Report at 4.) Sutton argued that the PLRA does not limit attorneys' fees in suits alleging pre-incarceration civil rights violations. (ECF No. 95.) In a two-page response, Defendant argued that the PLRA does limit the fees in this case, relying merely on the plain language of the statute and quoting at length from a Tenth

The Report therefore limited Sutton's attorneys' fees using 150% of the rates provided in the Guide to Judiciary Policy, Vol. 7A, Ch. 2 § 230.16. (*Id.* at 10.)[7]

Sutton now renews his objections that the PLRA does not apply to the instant case. He argues that Defendants waived any objections regarding the PLRA because they did not raise the argument in their opposition to the original motion for attorneys' fees. (Pl.'s Objs. at 3-4.) He also argues that Magistrate Judge Gorenstein could not raise the PLRA issue *sua sponte* and that the statute is not mandatory in this case. (*Id.* at 4-8.) Finally, he argues that the PLRA does not apply to pre-incarceration civil rights cases and that there is no controlling Second Circuit case law to the contrary. (*Id.* at 8-13.)

After reviewing the Report in light of Plaintiff's objections, this Court declines to limit Plaintiffs' attorneys' fee award pursuant to the PLRA. As the Report notes, there is an apparent circuit split as to the application of the PLRA: while the Tenth and Eleventh Circuits have held that the PLRA's attorneys' fee limitation applies to all litigation brought by prisoners while incarcerated, the Eastern District of Pennsylvania has twice ruled that that section only applies to actions brought with respect to prison conditions. (Report at 8-9); (Pl.'s Objs. at 8.) Although the issue has not been decided in the Second Circuit, the Court of Appeals has found that "the PLRA was aimed primarily at prisoners' suits challenging prison conditions, many of which are routinely dismissed as frivolous." *Reyes v. Keane*, 90 F.3d 678, 678 (2d Cir. 1996), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) ("The legislative history demonstrates that Congress was concerned about

---

Circuit decision, *Robbins v. Chronister*, 435 F.3d 1238 (10th Cir. 2006), which held that the PLRA is not limited to prisoner suits challenging prison conditions. (ECF No. 98.)

[7] In an amicus letter filed in response to the Report, the Legal Aid Society and two other parties argue that the Report erred by using an improper baseline to calculate fees under the PLRA. Because this Court declines to limit the fee award pursuant to the PLRA, this opinion does not address that particular issue.

- 5 -

'frivolous litigation by prisoners challenging conditions of their confinement,' and did not envision that the statute would apply to proceedings challenging the lawfulness or duration of a petitioner's criminal confinement." (quoting *Blair-Bey v. Quick,* 151 F.3d 1036, 1040 (D.C. Cir. 1998)). These authorities counsel caution in extending the PLRA beyond suits challenging prison conditions.

Moreover, the cases presented arguably do not even reach the instant case. Although the parties' submissions addressed whether the PLRA applies to all claims by incarcerated prisoners or only claims "regarding matters that arose while the plaintiff was confined," none of the cases cited presents an analogous set of facts—where an incarcerated prisoner files suit challenging a prior civil rights violation *unrelated* to his present incarceration. Here, when Sutton filed the instant complaint, he was incarcerated "for a crime unrelated to the gravity-knife arrest underlying this case." (Report at 2.) In contrast, the cases cited by the parties all involve suits challenging either (i) the prisoner's present confinement or (ii) the arrest and prosecution that led to the prisoner's instant incarceration.[8]

In this case, Sutton is claiming excessive force by officers in a previous June 2, 2010 arrest, which resulted in a week in jail; he just happened to be in jail for a subsequent, unrelated violation when he filed the present suit in February 2013. This Court is aware of no Second Circuit cases applying the PLRA in these circumstances.[9] Especially in light of the Second Circuit's admonition

---

[8] *See Robbins,* 435 F.3d at 1239-40 (involving prisoner complaint of excessive force against arresting officer); *Jackson v. State Bd. of Pardons & Paroles,* 331 F.3d 790, 794-96 (11th Cir. 2003) (challenging length of incarceration); *Hall v. Galie,* No. 05-CV-975, 2009 WL 722278, at *1 (E.D. Pa. Mar. 17, 2009) (involving claims relating to instant arrest, prosecution, and confinement); *Hatchett v. Cty. of Philadelphia,* No. 09-CV-1708, 2010 WL 4054285, at *1 (E.D. Pa. Oct. 15, 2010) (alleging excessive force by arresting officers).

[9] For the same reasons, this case is factually distinguishable from *Hightower v. Nassau Cty. Sheriff's Dep't,* 343 F. Supp. 2d 191 (E.D.N.Y. 2004), in which the plaintiff alleged excessive force by corrections officers while he was confined as a pre-trial detainee. *See also Johnson v. Breeden,* 280 F.3d 1308 (11th Cir. 2002) (involving claim of excessive force against corrections officers); *King v. Zamiara,* 788 F.3d 207 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 794 (2016) (involving claim of First Amendment retaliation against prison officials).

about the reach of the PLRA beyond prison conditions, this Court declines to apply the PLRA's attorneys' fee limit in this case and instead uses the traditional lodestar analysis.[10]

### c. Hourly Rate

To assess the reasonableness of the hourly rate charged by Plaintiff's counsel, this Court first considers the prevailing market rate for comparable cases. "Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (collecting cases). *See also Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) ("the range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour").

Plaintiff's attorney, Austin, seeks an hourly rate of $425. (Report at 3.) However, he admits that he increased his rate from $389 to $425 five days before the start of trial. (Decl. of Darryl Austin ("Austin Decl."), (ECF No. 80), ¶ 10.) Given that Austin billed approximately one-third of his hours in 2015 before he increased his rate, it does not seem reasonable to award a flat rate of $425. (Report at 13-14.)[11]

Austin is a sole practitioner with eight years of experience practicing in state and federal courts. (Austin Decl. ¶¶ 3, 9.) After considering the base rates in comparable civil rights cases and other case-specific factors—including the relatively straightforward procedure of this case and the absence of novel or complex issues arising from the claims—this Court finds it appropriate to

---

[10] Having found that 42 U.S.C. § 1997e(d) does not apply to this case, this Court also declines to adopt the Report's recommendation that 25% of Sutton's $57,000 judgment should be applied towards the attorneys' fee award under 42 U.S.C. § 1997e(d)(2). (Report at 14-21.)

[11] Defendants also argued that $425 was excessive and should be reduced to $400 in order to yield a total award in the range of $60,000. (Opp'n at 4, 10).

reduce the hourly rate sought by Austin to $350. *See, e.g.*, *Siegel v. Bloomberg L.P.*, No. 13-CV-1351, 2016 WL 1211849, at *6 (S.D.N.Y. Mar. 22, 2016) (awarding $275 per hour to attorney with six years of experience, and $350 to attorney with thirteen years of experience); *Torres v. City of N.Y.*, No. 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) ($350 per hour is reasonable for an attorney with ten years' experience); *Wong*, 2010 WL 3452417, at *3 (reducing $450 requested rate to $350 per hour to employment attorney with twelve years of legal experience in "straightforward" FLSA case); *Guaman v. J & C Top Fashion, Inc.*, 14 Civ. 8143, 2016 WL 791230, at *10 (S.D.N.Y. Feb. 22, 2016), *R. & R. adopted*, 2017 WL 111737 (S.D.N.Y. Jan. 11, 2017) (awarding $275 per hour to attorney with "less than 9 years of practice"); *De Los Santos v. Just Wood Furniture, Inc.*, Nos. 05-CV-9369, 06-CV-5749, 2010 WL 445886, at *3 (S.D.N.Y. Feb. 2, 2010) (a rate of $250–$350 per hour is reasonable for an employment attorney).

### d. Number of Hours

The Report concluded that a 15% reduction in Austin's hours was warranted because Sutton did not prevail on his excessive force or negligent training claims. (Report at 11-13.) Plaintiff objected to the 15% reduction on the ground that all three claims were "inextricably intertwined" and based on related legal theories and core facts. (Pl.'s Objs. at 14-16.)

The Supreme Court has observed that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Thus, in fixing the lodestar, "the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (a prevailing party is "not entitled to a fee award for unsuccessful claims that were 'based on different facts and different legal theories'") (citing *Hensley*, 461 U.S. at 434).

This Court adopts the Report's recommendation to reduce Austin's billed hours to reflect hours worked on Sutton's two unsuccessful claims. As the Report notes, Sutton pursued claims based on two distinct factual scenarios: first, whether he was lawfully arrested prior to incarceration; and second, whether he suffered excessive force, as a result of negligent training and supervision, while in prison. While there is some overlap between these claims, they do not "involve a common core of facts" or "related legal theories." (Report at 12.)

At the same time, "[a] district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). "Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." *Id.* (citing *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)). In this case, Plaintiff originally brought claims for false arrest, improper search, and excessive force. The case went to trial on claims of false arrest, excessive force, and negligent training and supervision, with the jury returning a verdict for Sutton only on the false arrest claim. As the Report found, the jury's rejection of the excessive force and training and supervision claims represented "a total failure to achieve success on two of the central claims in the case." (Report at 12.) *See also Hensley*, 461 U.S. at 436 (noting that "[i]f a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith").

This Court exercises its discretion and finds that an overall hours reduction of 35% is appropriate here. Austin requested a total fee award reflecting 342.75 hours for himself, including 25.1 hours on his fee application alone. (Report at 13.) Austin's representation commenced on May 12, 2015, more than two years after Sutton filed his original *pro se* complaint. (*Id.* at 2.)

- 9 -

Austin conducted limited discovery thereafter, including depositions of two police officers and document production by defendants. Austin also attended an in-court settlement conference and filed motions *in limine* but no other substantive motions. (*Id.*) The trial lasted three days and included testimony by only three witnesses: Sutton and the two defendant officers. (*Id.* at 2-3.). Given the relatively straightforward nature of this case and the partial degree of success obtained, an across-the-board reduction is warranted. *See, e.g., Bowman v. Realty*, No. 14-CV-5423, 2016 WL 3676669, at *4 (S.D.N.Y. July 6, 2016) (applying one-third reduction in hours in "run-of-the-mill" accessibility case); *Greene v. City of N.Y.*, No. 12 Civ. 6427, 2013 WL 5797121, at *6 (S.D.N.Y. Oct. 25, 2013) (applying across-the-board reduction of 40% based on the combination of plaintiff's limited success and his attorney's excessive time charges).

Separately, the Report also concluded that the 27 hours sought for Austin's associate, Douglas Doneson, should not be compensated. (Report at 13.) This Court adopts the Report's recommendation over Plaintiff's objection. (Pl.'s Objs. at 16-17.) Given that the associate spent only a few hours preparing for trial and played little if any role in the trial itself, (Report at 13), and that Austin is receiving an award for 65% of his requested hours despite prevailing on only one of three claims at trial, it seems reasonable to forego Doneson's additional hours here. *See Chen v. Jin Holding Grp. Inc.*, 10 Civ. 0414, 2012 WL 279719, at *3-4 (S.D.N.Y. Jan. 31, 2012) (disallowing all associate hours where attorney played minimal trial role in a "simple, straightforward" FLSA case, and reducing by 40 percent the hours of the main lawyer).

e. **Calculation of the Award and Costs**

The reasonable rate of $350/hour applied to the 222.8 reasonable hours allowed (342.75 less 35%) results in an award of $77,980.00 in attorneys' fees.

Neither party objected to the Report's recommendation that Sutton be awarded costs in the amount of $1,987.81. Having found no clear error, this Court adopts that recommendation.

## III. CONCLUSION

Magistrate Judge Gorenstein's Report and Recommendation is adopted in part. The Plaintiff's motion for attorneys' fees is GRANTED, but only in the amount of $77,980.00 in fees and $1,987.81 in costs.

The Clerk of Court is directed to close the motion at ECF No. 79.

Dated: New York, New York
March 29, 2017

MAR 29 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge